NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LARRISSA P., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, J.H., *Appellees.*

No. 1 CA-JV 18-0068
FILED 8-28-2018

Appeal from the Superior Court in Maricopa County
No. JD22891
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Law Office of H. Clark Jones LLC, Mesa
By H. Clark Jones
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Randall M. Howe and Judge James B. Morse Jr. joined.

_____

**T H O M P S O N**, Judge:

¶1        Larrissa P. (mother) appeals the decision of the juvenile court terminating her parental rights to J.H. (the child), arguing that the court erred in finding that the Department of Child Safety (DCS) made reasonable efforts to provide mother with rehabilitative services.  Mother also appeals the juvenile court's finding that termination was in the child's best interest.  For the following reasons we affirm the juvenile court's order.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Mother had her parental rights severed to two children in April 2015.  The child was born later that year on December 12, 2015, substance exposed to marijuana and methadone.  The child spent a month in the Neonatal Intensive Care Unit for withdrawal symptoms.  During the child's hospital stay, mother tested positive for methamphetamine.  When the child was discharged from the hospital in January 2016, DCS took her into custody, and the juvenile court found her dependent in February 2016.

¶3        The child has a number of developmental delays and health conditions caused by a genetic disorder and her in-utero substance exposure.  One of these health conditions is reactive airway disorder, which causes her to struggle to breathe when exposed to certain irritants such as cigarette smoke.

¶4        For the child to be returned to mother's care, mother needed to demonstrate sobriety, find and maintain employment, and find suitable and stable housing.  After fifteen months in care mother was still using methadone, had not found employment, and had not found suitable housing.  Additionally, in August 2017, mother tested positive for marijuana and in December 2017, tested positive for methamphetamine.  DCS moved to terminate the parent-child relationship September 11, 2017, alleging that the child had been in an out-of-home placement for fifteen

months pursuant to Arizona Revised Statutes ("A.R.S.") section 8-533(B)(8)(c) (2018)[1].

¶5        The court held an evidentiary hearing on January 25, 2018, and February 9, 2018. The court found that although mother had completed many of her services, she still had not been able to wean off the methadone as was discussed by her TERROS counselors, and had relapsed on both marijuana and methamphetamines. The court also found that mother continued to struggle with appropriate housing and maintaining employment. The court found that mother was unemployed through the majority of the dependency and only obtained part-time employment in November 2017. The court also found that mother had not found suitable housing in the cumulative five-years that she had been involved with DCS. The court therefore found that mother had not remedied the reasons for the out-of-home placement and that there was a substantial likelihood that she would not be capable of exercising proper and effective parental care and control in the near future. Mother timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8-235(A) (2018), 12-120.21(A)(1) (2018), and 12-2101(B) (2018).

## DISCUSSION

¶6        A parent's right to custody and control of his own child, while fundamental, is not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49 ¶¶ 11-12 (2000). Severance of a parental relationship may be warranted where the state proves one of A.R.S. § 8-533's statutory grounds for termination by "clear and convincing evidence." *Id.*; A.R.S. § 8-863(B) (2018). "Clear and convincing" means the grounds for termination are "highly probable or reasonably certain." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284-85, ¶ 25 (2005). Additionally, the court must also determine what is in the best interests of the child by a preponderance of the evidence. *Id.* at 283, ¶¶ 16, 22.

¶7        "[W]e will accept the juvenile court's findings of fact unless no reasonable evidence supports those findings, and we will affirm a severance order unless it is clearly erroneous." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280 ¶ 4 (App. 2002). We do not reweigh the evidence, but "look only to determine if there is evidence to sustain the court's

---

[1] We cite to the current version of any statute unless the statute was amended after the pertinent events and such amendment would affect the result of this appeal.

ruling." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

I.      **Statutory Grounds**

**¶8**      Under A.R.S. § 8-533(B)(8)(c), termination of the parent-child relationship is appropriate when the child has been in an out-of-home placement for a period of fifteen months or longer, the agency responsible for the child has made diligent efforts to provide reunification services,  the parent has been "unable to remedy the circumstances that cause the child to be in an out-of-home placement and there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the near future."  In determining whether the parent has been able to remedy the circumstances causing placement, we consider the circumstances existing at the time of the severance rather than at the time of the initial dependency petition. *Maricopa County Juv. Action No. JS-8441*, 175 Ariz. 463, 468 (App. 1993).

**¶9**      On appeal, mother argues that DCS failed to provide her with assistance in obtaining suitable housing, which she argues was the only remaining barrier to the child being returned to her care.[2] We disagree.

**¶10**      DCS is not required to provide every conceivable service or to ensure that the parent participates in every service that it offers. *Maricopa Cty. Juvenile Action No. JS-501904*, 180 Ariz. 348, 353 (App. 1994). Additionally, it is only required to provide services that have a reasonable prospect of success. *Marry Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 192 ¶ 34 (App. 1999).

**¶11**      Here, the DCS case manager testified that he knew of only one service that DCS could provide to parents for housing, a subsidy to help cover housing expenses.  However, the case manager testified that the subsidy is only offered to parents who have a stable job and can demonstrate that they will be able to maintain the housing after the subsidy has ended.   Here, mother did not obtain a job until December 2017, and even then it was only a part-time job at a fast-food restaurant.  The case manager testified that this employment was not enough to qualify for the housing subsidy.  Additionally, mother tested positive for marijuana in August 2017, and for methamphetamine in December 2017, and parents are required to demonstrate at least six months of sobriety before children can

---

[2]      Mother does not argue that the other services DCS offered were inappropriate or unhelpful.

be returned to their care. Thus, housing was not the only remaining barrier for mother to regain custody of the child. As such, the court did not err in finding that DCS provided mother with reasonable services when terminating the parent-child relationship.

## II.     **Best Interest**

**¶12**        Mother also argues that the juvenile court erred in finding that severance was in the child's best interest. Severance is in a child's best interest if she would benefit from severance or be harmed by continuation of the parent-child relationship. *Maricopa Cty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5 (1990). Relevant factors include whether the child's existing placement is meeting the child's needs, whether the child is adoptable, and whether an adoptive placement is immediately available. *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379-80 ¶¶ 30-33 (App. 2010).

**¶13**        In this instance the placement is willing to adopt and is meeting the child's needs. Additionally, the case manager testified that the child is adoptable should the current placement not be able to adopt. We therefore find that the juvenile court did not err in finding that termination of the parent-child relationship was in the best interest of the child.

## CONCLUSION

**¶14**        For the foregoing reasons, we affirm the juvenile court's order terminating mother's parental rights.

